IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HASIM A. MOHAMMED, an individual,

    Plaintiff,

v.

AMERICAN AIRLINES, INC., a Delaware corporation, RENEE MAXWELL, and DOES 1 through 50, inclusive,

    Defendants.

No. C 19-01946 WHA

**ORDER DENYING MOTION TO REMAND AND ORDER DISMISSING RENEE MAXWELL**

## INTRODUCTION

In this employment action, a former employee sues for race discrimination against an airline and supervisor. The airline defendant removed the action on the basis of diversity jurisdiction, claiming fraudulent joinder of the supervisor. Plaintiff now seeks to remand the action to state court. For the reasons stated below, plaintiff's motion to remand is **DENIED**.

## STATEMENT

The following allegations are taken from the complaint. Plaintiff Hasim Mohammed, a resident of California, worked for defendant American Airlines, Inc., from January 2000 until his termination in February 2018. He worked as a fleet services agent. He had no significant issues with his employment until defendant Renee Maxwell became his supervisor in 2017. Plaintiff was of Indian descent but from outward appearances came across as Middle Eastern. Maxwell allegedly made constant comments about his long beard, saying "he did not represent

American Airlines' values" (Compl. ¶ 13). On other occasions, Maxwell told him that he could not participate in carrying a casket or approach the family of the military deceased, implying that he looked like the enemies that had killed the deceased. Maxwell told him he could not go near boarding gates because it would frighten passengers. Plaintiff complained to human resources about Maxwell's behavior toward him but nothing was done about it. Plaintiff alleges he was ultimately "terminated on the pre-text that he violated company policy when he was accused of pushing a co-worker away from him when that person got too close to him" (Compl. ¶¶ 9–16).

Plaintiff commenced this action in the Superior Court for the County of Santa Clara in February 2019, naming American, a citizen of Delaware and Texas, and Maxwell, a citizen of California, as defendants. Plaintiff asserts the following claims against both defendants: (1) race discrimination pursuant to California Government Code Section 12940(a); (2) failure to take reasonable steps to prevent discrimination pursuant to California Government Code Section 12940(k); (3) retaliation pursuant to California Government Code Section 12940(h); (4) wrongful termination; (5) intentional infliction of emotional distress; and (6) unfair business practices pursuant to California Business and Professions Code Sections 17200–208 (Compl. ¶¶ 17–46). American answered and then removed, arguing that Maxwell, the only California defendant, had been fraudulently joined (Notice ¶¶ 1–17, Exh. B at 3). Maxwell has never been served. Plaintiff now moves to remand the action and seeks attorney's fees and costs incurred as a result of bringing this motion (Br. 2–3). Plaintiff dedicates the majority of his brief to arguing that he has stated a valid claim against Maxwell for intentional infliction of emotional distress (*id.* at 5–7). As to the other claims, plaintiff provides general statements that he has provided enough to survive the fraudulent-joinder test (*id.* at 2, 7). American's opposition primarily addresses plaintiff's arguments regarding Maxwell's liability for intentional infliction of emotional distress (Opp. 3–6). The central issue at play in the instant motion is whether plaintiff has stated enough of a claim against Maxwell to defeat complete diversity and removal jurisdiction. This order follows full briefing and oral argument.

**ANALYSIS**

American contends that Maxwell was joined as a sham defendant in order to destroy diversity, and that, once Maxwell is dismissed, complete diversity sustains removal (Notice ¶ 5–8, 17). For the reasons set forth below, this order finds that there is no possibility state law will impose liability against Maxwell on any of plaintiff's claims. Accordingly, Maxwell is dismissed and the motion to remand is **DENIED**.

**1. SUPERVISORS CANNOT BE SUED INDIVIDUALLY UNDER THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT OR FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**

Plaintiff contends American and Maxwell are liable for race discrimination, failure to take reasonable steps to prevent discrimination, and retaliation under the California Fair Employment and Housing Act ("FEHA") and California Government Code Sections 12940(a), 12940(k) and 12940(h) (Compl. ¶¶ 17–31). American argues plaintiff cannot possibly raise these three claims because supervisors may not be sued individually under the FEHA (Notice ¶¶ 11–13). In support of this assertion, American cites *Reno v. Baird*, 18 Cal. 4th 640, 663 (1998), where the California Supreme Court held that individual supervisors "may not be sued under FEHA for allegedly discriminatory acts." Plaintiff does not provide any authority to rebut this argument, but rather provides general statements that he has provided enough to survive the fraudulent joinder test (Br. 2, 7). To prove fraudulent joinder, a defendant must show that "the plaintiff fail[ed] to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citation omitted). American has established that plaintiff cannot support a claim against an individual supervisor under FEHA.

As to plaintiff's fourth claim, he contends that American and Maxwell are liable for wrongful termination in violation of public policy pursuant to California Civil Code Section 3294 (Compl. ¶¶ 32–37). American again cites *Reno*, 18 Cal. 4th at 663, which held that individual supervisors may not be held individually liable under this section as well. This order finds this law clearly established. Thus, American has met its burden by showing that plaintiff cannot state this claim against Maxwell.

3

### 2. NO LEGAL BASIS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM.

Plaintiff alleges that both American and Maxwell are liable for intentional infliction of emotional distress (Compl. ¶¶ 38–41). American argues that Maxwell cannot be held liable because plaintiff did not and cannot plead facts that support the outrageous conduct required for a cognizable intentional infliction of emotional distress claim (Notice ¶ 15; Opp. 1). Under California law, the elements of a claim for intentional infliction of emotional distress are as follows: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Lawler v. Montblanc North America, LLC*, 704 F.3d 1235, 1245 (9th Cir. 2013) (quoting *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009)). "A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.'" *Ibid.*

American contends that plaintiff's allegations fail to show that Maxwell's conduct was outrageous, which is a necessary element of the claim. Specifically, it argues that plaintiff's allegations that Maxwell made comments about his beard, requested that he not carry a casket, and instructed him to avoid the boarding area are insufficient to establish outrageous conduct (Opp. 3–5).

American primarily relies on *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 65, 80 (1996), where a California Court of Appeal held that conduct falling within the normal scope of employment, even if later found to be discriminatory, cannot amount to outrageous conduct sufficient to bring an intentional infliction of emotional distress claim. In *Janken*, four plaintiff employees brought, *inter alia*, intentional infliction of emotional distress claims against the defendant aircraft company and three individual supervisor defendants for their alleged termination based on age. *Id.* at 61. The California Court of Appeal drew the distinction between discrimination and harassment within the meaning of the FEHA and held the same reasoning applied to claims for intentional infliction of emotional distress. *Id.* at 64–65, 80. It held that complaints regarding normal management conduct, even if later found to be

4

discriminatory, are properly brought against the employer, not the supervisor, under the FEHA. *Ibid.* "Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management." *Id.* at 65. The California Court of Appeal upheld the dismissal of the plaintiff's intentional infliction of emotional distress claim, holding that the alleged conduct amounted to personnel management actions only, not harassment. *Id.* at 79–80.

American argues that plaintiff pleads only personnel management actions that, even if later are found to be discriminatory, are insufficient to support a claim for intentional infliction of emotional distress against the supervisor (Notice ¶ 15). This order agrees. "If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination." *Janken*, 46 Cal. App. 4th at 80. Here, plaintiff alleges that he suffers from severe humiliation on account of Maxwell's comments about his appearance and his restriction from performing work functions on the implication that his appearance resembled the enemies that caused the death of a service member (Compl. ¶¶ 12–15, 40). Maxwell's comments about plaintiff's beard conflicting with "American Airlines' values" is clearly a management decision made on behalf of American. While this order notes that plaintiff understandably felt that Maxwell's restriction from plaintiff carrying a military casket was discriminatory, such a claim would be against American. The potentially discriminatory nature of these allegations does not change the fact that Maxwell's solicitude for the families of deceased soldiers was a management decision on behalf of American.

Similarly, the instruction to avoid the boarding gates was a management decision on behalf of American. Although plaintiff may rightfully feel these actions were discriminatory, the management instructions were clearly given on behalf of American, evidently in misguided solicitude for the passengers' sense of safety. Since only actions outside the scope of employment can rise to the level of harassment, and since Maxwell's instructions were clearly within the scope of employment, plaintiff's allegations cannot possibly rise to the level of harassment. *Janken*, 46 Cal. App. 4th at 64–65, 80. Therefore, the action is properly brought against American, not Maxwell. *See id.* at 80.

5

In his reply, plaintiff cites several district court decisions in support of his argument that the standard on a motion to remand is lower than the standard on a motion to dismiss (Reply 2–5). Nevertheless, this order finds that the allegations in question do not meet the lower standard for remand. For example, in *Ybarra v. Universal City Studios, LLC*, No. 13-cv-4976, 2013 WL 5522009, at *4 (C.D. Cal. Oct. 2, 2013), Judge Philip Gutierrez stated that a "mere glimmer of hope" that plaintiff can establish a claim against an allegedly fraudulent joinder is sufficient to support the motion to remand. Plaintiff also cites *Charles v. ADT Security Services*, No. 09-cv-5052, 2009 WL 5184454, at *2 (C.D. Cal. Dec. 21, 2009) (Judge Philip Gutierrez), which stated that a non-fanciful possibility of liability, even if weak, is sufficient to state an intentional infliction of emotional distress claim against a supervisor.

The key distinction here is that Maxwell's instructions to plaintiff concerning his job duties were classic supervisory decisions. And, Maxwell's comments about the beard were purported (even by the complaint itself) as a statement of company values. As in *Janken*, 46 Cal. App. 4th at 64–65, 80, normal supervisory decisions that fall within the scope of employment, even if later deemed to be discriminatory, cannot rise to the level of harassment. Because the allegations here are normal supervisory decisions, this action is properly brought against American. *See id.* at 80.

Plaintiff also cites *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (Judge Andrew Guilford), which stated that remand was proper where the defendant failed to establish that the plaintiff could not amend the pleadings and ultimately recover (Reply 2). Plaintiff argues that he can amend his complaint to meet this lower standard, but the only facts he offers in support of such an amendment are the same facts that he initially alleged (*see id.* at 5). Even construing the alleged facts in a light that favors remand, this order finds that plaintiff cannot support an intentional infliction of emotional distress claim against Maxwell because the alleged acts are normal management decisions.

**3.    NO LEGAL BASIS FOR UNFAIR BUSINESS PRACTICES CLAIM.**

Plaintiff contends that American and Maxwell committed acts of unfair competition in violation of the unfair competition law under the California Business and Professions Code

Sections 17200–208 (Compl. ¶¶ 42–46). To state a claim for unfair competition under Section 17200, a plaintiff must allege that a defendant engaged in an "unlawful, unfair or fraudulent business act or practice." The statute is violated when a defendant's conduct violates any of the foregoing prongs. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012). Under this claim, plaintiff asserts that both Maxwell and American discriminated against him on the basis of his gender, retaliated against him for complaining about harassment, and defamed him. He alleges that this conduct injured him by wrongfully denying him earned wages and equity. He "seeks disgorgement in the amount of the respective unpaid wages and equity" (Compl. ¶ 44, 46).

American cites *Bradstreet v. Wong*, 161 Cal. App. 4th 1440, 1458 (2008), *abrogated on other grounds by Martinez v. Combs*, 49 Cal. 4th 35 (2010), to argue that an "owner or officer of a corporation may be held personally liable for a corporation's alleged violation of California's Business and Professions Code § 17200 *et seq.* if 'he or she actively participates in the unfair business practice'" (Notice ¶ 16). American argues that plaintiff cannot state a claim under the Section 17200 against Maxwell because "nothing suggests that the same is true of an employee" (*ibid.*). This order agrees. This Court has found no authority to suggest that plaintiff's claim can be brought against a supervisor employee, nor does plaintiff offer any. Rather, plaintiff generally states that he has provided enough to survive the fraudulent joinder test (Motion 2, 7). This order finds that American has met its burden to show that plaintiff cannot state a Section 17200 claim against Maxwell.

Such a conclusion is proper under these circumstances because of the nature of a Section 17200 action. The California Supreme Court has held that restitution is the only monetary remedy expressly authorized by Section 17200. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1145–46 (2003). "A UCL action is equitable in nature; damages cannot be recovered." *Id.* at 1143 (citation omitted). In his broadly-written complaint, plaintiff seems to seek reimbursement from Maxwell for lost wages (*see* Compl. ¶ 46). "The object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Korea Supply Co.*, 29 Cal. 4th at 1149. Even if plaintiff did

7

have an ownership interest in these wages, plaintiff does not allege that Maxwell personally withheld these wages from him. The only possible Section 17200 remedy that plaintiff could seek is from his employer, not his supervisor. Since plaintiff cannot state a claim under any of his theories against Maxwell, this order finds that Maxwell was fraudulently joined. As such, plaintiff's motion to remand is **DENIED**. Because this order finds that removal was proper on account of fraudulent joinder, plaintiff's request for attorney's fees is **DENIED AS MOOT**.

## CONCLUSION

For the reasons stated above plaintiff's motion to remand is **DENIED**, and his request for attorney's fees and costs is **DENIED AS MOOT**. Maxwell is hereby dismissed from this civil action.

**IT IS SO ORDERED.**

Dated: August 6, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE